UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BENJAMIN ESPINOSA,

                Plaintiff,

v.

CALVIN JOHNSON, et al.,

                Defendants.

Case No. 2:22-cv-00377-CDS-DJA

ORDER

I.     DISCUSSION

        On April 20, 2022, this Court issued a screening order dismissing Plaintiff's Complaint with leave to amend because it failed to comply with Federal Rules of Civil Procedure 18 and 20. ECF No. 4 at 3-5. The Court explained that Plaintiff's claims were "improperly joined" because he sought to sue a combination of different Defendants for "11 separate and distinct events." *Id.* at 4-5. Thus, the Court gave Plaintiff 30 days to file an amended complaint that complied with Rules 18 and 20. *Id.* at 7. The Court also denied without prejudice Plaintiff's motion for a temporary restraining order or preliminary injunction, explaining that (i) Plaintiff's claims were improperly joined, and therefore he would "need to file separate complaints and separate motions [for injunctive relief] for those claims in his separate lawsuits"; and (ii) Plaintiff had failed to show that he would likely "suffer irreparable harm in the absence of preliminary relief." *Id.* at 6.

        On May 11, 2022, Plaintiff filed an "objection" to this Court's screening order.[1] ECF No. 7. Plaintiff argues that the Court misapplied Rules 18 and 20 in dismissing his Complaint. *Id.* at 3-4. He also contends that the Court erred in denying his motion for a temporary restraining order or preliminary injunction. *Id.* at 6-7. Although the deadline to amend the complaint was May 20, 2022, Plaintiff has not filed an amended complaint.

---

[1] On May 5, 2022, Plaintiff moved for an extension of time to May 19, 2022, to file his objection. ECF No. 6. The Court denies this motion as moot and deems Plaintiff's objection timely.

The Court construes Plaintiff's "objection" as a motion for reconsideration. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. ECF No. 7. Plaintiff has not shown that the Court committed clear error in finding that his claims were improperly joined. Plaintiff argues that his claims were properly joined because they all "arise from one prison setting [and] are related to constitutional violations." *Id.* at 4. Plaintiff likewise contends that it is "manifestly unjust to force eleven different civil rights actions when all events occurred at the same prison and within a nine-month span." *Id.* at 5. The law is clear, however, that "prisoners are not permitted to raise all their claims in a single action under Rule 20 . . . simply because multiple incidents of allegedly wrongful conduct involve prison officials in the same prison." *Sekerke v. Leo*, No. 19-cv-0034, 2019 WL 5102676, at *2 (S.D. Cal. Oct. 11, 2019).

For example, Plaintiff sues Dr. David Rivas for failing to adequately treat his mole, Julie Williams for improperly denying his grievances, and a separate set of Defendants for diverting money from his inmate account. ECF No. 5 at 9-12, 14-15. These unrelated claims against different Defendants must be brought in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). The fact that the incidents giving rise to these claims all took place at High Desert State Prison does not mean that Plaintiff can pursue the claims in a single action. *Sekerke*, 2019 WL 5102676, at *2. Because Plaintiff has failed to identify any clear error in

the Court's dismissal of his Complaint, there is no basis to reconsider that aspect of the screening order.

Plaintiff also seeks reconsideration of the denial without prejudice of his motion for a temporary restraining order or preliminary injunction. ECF No. 7 at 6-7. He identifies no basis, however, to reconsider the Court's conclusion that preliminary injunctive relief was inappropriate because Plaintiff's claims were improperly joined and he had failed to establish irreparable harm absent injunctive relief. ECF No. 4 at 6.

As noted above, Plaintiff failed to file an amended complaint by the May 20, 2022 deadline. The Court will *sua sponte* grant Plaintiff an extension of time to amend his Complaint. If Plaintiff chooses to file an amended complaint curing the deficiencies outlined in the screening order, he must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice for him to initiate a new case with the Clerk's Office when he is able to submit a complaint that complies with Rules 18 and 20.

II.     CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for an extension of time (ECF No. 6) is denied as moot.

It is further ordered that Plaintiff's construed motion for reconsideration (ECF No. 7) is denied.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies outlined in the screening order (ECF No. 4), he must file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice for him to initiate a new case with the Clerk's Office when he is able to submit a complaint that complies with Rules 18 and 20.

DATED this 23rd day of June, 2022.

_____
UNITED STATES DISTRICT JUDGE